Kent Herrin, Johnson City, Tenn., for plaintiff.

C. T. Herndon, III, Johnson City, Tenn., for defendant.

**Gene O. EDWARDS, Plaintiff,**

v.

**I.D.S. LIFE INSURANCE COMPANY, Defendant.**

**No. CIV-2-77-43.**

United States District Court, E. D. Tennessee, Northeastern Division.

Nov. 11, 1977.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended that the motion of the plaintiff, Rule 56(a), Federal Rules of Civil Procedure, and the motion of the defendant, Rule 56(b), Federal Rules of Civil Procedure, for a summary judgment herein be overruled. 28 U.S.C. § 636(b)(1)(B). The plaintiff and the defendant, each, filed timely objections to such recommendation. 28 U.S.C. § 636(b)(1). The Court makes a de novo determination of such objections to such recommendation. *Idem.*

The crux of this action appears to be whether the plaintiff's decedent was " * * * actively at work [with his em-

ployer] on the date his insurance would otherwise become effective. * * * " Whether he was or was not then thus actively at work is a genuine issue of material fact to be resolved at the trial; the plaintiff contending that his decedent was actively at work on such date, and the defendant contending that he was not actively at work on such date.

Each party, respectively, as the movant " * . * * had the burden of showing the *absence* [emphasis supplied] of a genuine issue as to any material fact, and for these purposes the material [he or] it lodged must be viewed in the light most favorable to the opposing party. [Footnote reference omitted.] * * * " *Adickes v. Kress & Co.* (1970), 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154[7]. Although many of the facts, when viewed in the light most favorable to the respective movants' adversary are not in dispute themselves, the inferences to be drawn from any such undisputed facts are in dispute, and the genuine issue remains, whether the plaintiff's decedent was actively at work at the pertinent time. Furthermore, the respective states of mind of the plaintiff's decedent and personnel of his employer play leading roles in the determination to be made, and summary procedures are to be used sparingly where intent is a crucial factor. *Poller v. Columbia Broadcasting System* (1962), 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458, 464 (headnote 5) (relating to complex antitrust litigation where motive and intent played leading roles).

Accordingly, the recommendation of October 25, 1977 of such magistrate hereby is ACCEPTED, 28 U.S.C. § 636(b)(1), and the motion of the defendant of September 15, 1977 and the motion of September 22, 1977 of the plaintiff for a summary judgment, each, hereby is

DENIED.

Counsel must stipulate all undisputed facts herein, local Rule 14, and if upon such stipulation, no material fact remains in dispute, counsel should then consider submitting to the Court all issues on a stipulation of facts.